UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MERYORI ANTONIO RODRIGUEZ-MENDOZA,

Petitioner,

v.

BRUCE SCOTT, *et al.*,

Respondents.

CASE NO. 2:26-cv-04352-GJL

ORDER GRANTING HABEAS PETITION AND DIRECTING IMMEDIATE RELEASE

On November 10, 2026, Petitioner Meryori Antonio Rodriguez-Mendoza, a citizen of Venezuela, filed this Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking immediate release from immigration detention. Dkt. 1. Respondents have filed an "Abbreviated Return," requesting that the Court "decide whether a writ should be granted based on the Petition and related filings."[1] Dkt. 8.

Upon consideration of the Petition, and Respondents' Abbreviated Return, the Court **GRANTS** the Petition (Dkt. 1), and **ORDERS** Respondents to **immediately release** Petitioner from immigration detention.

[1] The Parties have consented to proceed with this matter before a United States Magistrate Judge. Dkt. 6.

## I. DISCUSSION

Petitioner, through counsel, filed a habeas Petition on November 10, 2026. Dkt. 1. Petitioner alleges he entered the United States without authorization near El Paso, Texas, on September 12, 2022, and was arrested by immigration authorities and detained. Dkt. 1 ¶ 12. On that same day, Petitioner was issued a Notice to Appear ("NTA") charging him with removability. Dkt. 1-3 at 10 (Form I-213). Petitioner was detained for approximately four (4) days and then released on an I-94 parole with reporting conditions. Dkt. 1 ¶¶ 12, 14. Since that time, Petitioner has lived and worked in Oregon, has extensive family living in the United States, and maintains no criminal record. *Id*. ¶¶ 1, 16.

On July 7, 2026, immigration authorities arrested Petitioner while he was working in Hillsboro, Oregon, as part of a targeted interior-enforcement operation, and ultimately detained him at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. *Id*. ¶¶ 6, 15. On August 6, 2026, an Immigration Judge ("IJ") ordered Petitioner removed to Venezuela. *Id*. ¶ 19. Petitioner's appeal of the IJ's decision to the Board of Immigration Appeals ("BIA") remains pending. *Id*.

With the filing of the instant Petition, Petitioner has exercised his constitutional right to seek habeas relief from detention. *See Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). The writ of habeas corpus protects the most fundamental of all rights—the right to speedy judicial review into the legality of an individual's detention. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). This Court thus possesses the jurisdiction to grant habeas relief to noncitizens who are being detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); s*ee also Lopez Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) ("[D]istrict

courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention”).

Moreover, the American judicial system is fundamentally adversarial. It depends on the “facts and arguments” presented by the parties; the judge does not “conduct the factual and legal investigation himself.” *McNeil v. Wisconsin*, 501 U.S. 171, 181 n.2 (1991). “In both civil and criminal cases, in the first instance and on appeal, we rely on the parties to frame the issues for decision.” *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation omitted). Further, “as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.” *Id*. at 375–76 (citation modified).

Here, Petitioner maintains his detention is governed by 8 U.S.C. § 1226(a). Dkt. 1 ¶¶ 30–36. As a detainee held under § 1226(a), Petitioner contends due process, under the *Mathews* test, compels his release because he was both denied any notice of why he was being detained and denied a detention hearing before a neutral decision maker. *Id*. ¶¶ 21–29. Petitioner requests that Respondents provide with their Return “the complete custody record.” Dkt. 1 at 11. As relief, Petitioner seeks immediate release. *Id*.

After the Petition was filed, on November 12, 2026, the Court issued its standard Scheduling Order directing Respondents to show cause by November 27, 2026, why the writ should not be granted. Dkt. 4. Respondents filed an Abbreviated Return that states, in total, “Pursuant to this Court’s Scheduling Order (Dkt. No. 4), Federal Respondents submit that immigration officials re-detained Petitioner after previously having been released from immigration detention. Federal Respondents request that this Court decide whether a writ should be granted based on the Petition and related filings. Dkt. No. 1.” Dkt. 8 at 1.

The Government has full access to the relevant facts concerning Petitioner's detention, yet the Abbreviated Return offers no factual or legal basis to rebut his Petition. Under these circumstances, the Court construes the Petition as intentionally unopposed. *See Singh v. Mullin*, No. 2:26-cv-4134-KKE, 2026 WL 3409217, at *2 (W.D. Wash. Nov. 10, 2026).

Petitioner has stated a plausible claim to habeas relief under the Due Process Clause. *See* Dkt. 1. In the absence of a response from the Government offering argument to the contrary (*see* Dkt. 8), the Court **GRANTS** the habeas Petition (Dkt. 1) and will **ORDER** Petitioner's release from custody.

## II. CONCLUSION

For the foregoing reasons, the Court **ORDERS** as follows:

1) The Petition for writ of habeas corpus (Dkt. 1) is **GRANTED**.

2) Within **ONE day** of this Order, Respondents must **release** Petitioner Meryori Antonio Rodriguez-Mendoza from custody and restore his previous release conditions, if any.

3) Petitioner's counsel shall **FILE** a status report by **November 23, 2026**, confirming that Petitioner Meryori Antonio Rodriguez-Mendoza has been released.

Dated this 19th day of November, 2026.

Grady J. Leupold
United States Magistrate Judge